UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES JENKINS,

                    Plaintiff,

      -against-

KIRK IMPERATI; JESSICA SEGAL;
POUGHKEEPSIE JOURNAL; AVIV SEGAL

                Defendants.

24-CV-8089 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

       Plaintiff James Jenkins, proceeding *pro se*, is currently incarcerated in the Dutchess

County Jail in Poughkeepsie, New York.  Plaintiff brings this action under 42 U.S.C. § 1983

against Dutchess County Sheriff Kirk Imperati, Dutchess County Criminal Court Judge Jessica

Segal, Assistant District Attorney ("ADA") Aviv Segal, and the Poughkeepsie Journal.  By

Order dated November 26, 2024, the Court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees.[1]  (ECF No. 6.)  For the reasons set forth

below, the Court dismisses this action, but grants Plaintiff 30 days' leave to file an amended

complaint.

## STANDARD OF REVIEW

       The Prison Litigation Reform Act requires federal courts to screen complaints brought by

prisoners who seek relief against a governmental entity, or an officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[2]  (ECF No. 1.)  On January 27, 2023, police raided Plaintiff's apartment in Poughkeepsie, New York.  (*Id.* at 6.)  "Nothing was found at location, door to apt was damaged, and an Eight hundred dollar fee was added to [Plaintiff's] monthly rent due to damage."  (*Id.*)  Defendant Sheriff Imperati and a Dutchess County task force searched and confiscated Plaintiff's vehicle, "after claiming to have found a small quantity of cocaine or crack cocaine."  (*Id.*)

---

[2] The Court quotes from the complaint verbatim.  All spelling, grammar, and punctuation appear as in the complaint, unless noted otherwise.

On February 13, 2023, Defendant Judge Segal set Plaintiff's bail at $1,000,000 bond, or $500,000 in cash, "after denying [Plaintiff release on his own recognizance] under the bail reform act, to which [Plaintiff] was eligible." (*Id.*)

On an unidentified date, the Poughkeepsie Journal "ran an article . . . slandering [Plaintiff] stating that a big time drug dealer apartment was raided and a large quantity of drugs and money was confiscated." (*Id.*)

Plaintiff asserts that he has been unable to pay his rent and car payments due to his incarceration, and that he has since lost his apartment and vehicle. (*Id.* at 7.) He seeks money damages from Sheriff Imperati to cover the costs of his property damage, lost wages, repossession of his vehicle, and traffic infractions. (*Id.* at 7-8.) As for Judge Segal, Plaintiff seeks to have her "disbarred or reprimanded and be personally held accountable for [his] lost wages." (*Id.* at 4.) Finally, Plaintiff seeks money damages from the Poughkeepsie Journal "for defamation of character." (*Id.*)

## DISCUSSION

### A.    Claims Against Sheriff Imperati

Plaintiff alleges that Sheriff Imperati damaged Plaintiff's property while conducting a search of Plaintiff's apartment. Plaintiff seeks monetary damages from Imperati as compensation for the collateral consequences of the search. As discussed below, the Court dismisses the claims against Sheriff Imperati because they do not arise under federal law and therefore fail to state a claim upon which relief may be granted.

### 1.    Property damage

A claim for deprivation of property, including damage to property, does not state a claim under federal law if the state courts provide an appropriate remedy. *See Hudson v. Palmer*, 468

U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted).

New York provides such a remedy in Section 9 of the New York Court of Claims Act.  N.Y. Ct.

Claims Act § 9(2); *see Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (Lasker,

J.) (state tort action available to compensate detainee for alleged loss of property by prison

officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (Conner, J.)

(detainee had meaningful post-deprivation remedy for loss of book through state action for

negligence, replevin, or conversion).  Plaintiff has not alleged facts to demonstrate that his state

remedies are inadequate or inappropriate.  *See Butler v. Castro*, 896 F.2d 698, 700 (2d Cir.

1990).

Because New York state courts provide an adequate post-deprivation remedy, Plaintiff

cannot state a claim that he has been deprived of property without due process of law.  *Love v.

Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983) (per curiam).  The Court therefore dismisses this

claim for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to any claim

Plaintiff may wish to pursue in state court.

### 2.    Collateral consequences of the search of Plaintiff's apartment

Plaintiff seeks monetary relief from Sheriff Imperati based on the financial losses he

suffered as a result of his arrest following the search of his apartment.  The Fourth Amendment

protects an individual's right "to be secure in their persons, houses, papers, and effects, against

unreasonable searches and seizures."  U.S. Const. amend. IV.  A "search is presumptively

reasonable when executed pursuant to a warrant."  *Vaher v. Town of Orangetown*, 916 F. Supp.

2d 404, 426 (S.D.N.Y. 2013) (Ramos, J.).  Plaintiff does not allege any facts to suggest that the

search and his arrest violated any laws.  For example, he does not allege that the police searched

his apartment without a search warrant, in violation of the Fourth Amendment.  Plaintiff

therefore cannot state a claim arising from the search of his apartment, and the allegations in his

complaint do not support his attempt to recover damages for the collateral consequences of the search.

The Court assumes, for the purposes of this Order, that the search executed by Sheriff Imperati was pursuant to a search warrant. If the search was conducted without a warrant, however, and Plaintiff intended to bring claims under the Fourth Amendment, he may file an amended complaint to allege facts in support of such a claim.

## B.    Claims Against Judge Segal

The Court dismisses Plaintiff's claims against Judge Segal in setting Plaintiff's bail because she is immune from liability for her judicial conduct. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 209. The doctrine applies "even when such acts are in excess of [a judge's] jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Plaintiff fails to allege any facts to suggest that Judge Segal acted beyond the scope of her judicial responsibilities or outside of her jurisdiction in setting bail. *See Mireles*, 502 U.S. at 11-12. Because Plaintiff sues Judge Segal for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210.

In addition to being immune from actions for damages, judges are also immune from any civil action seeking injunctive or declaratory relief.  Although judicial immunity does not absolutely bar a claim for prospective injunctive and declaratory relief, *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited.  Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Plaintiff cannot seek injunctive relief against Judge Segal because Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable.

The Court therefore dismisses Plaintiff's claims for damages against Judge Segal because they seek monetary relief against a defendant who is immune from such relief, and are consequently frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

## C.    Claims Against ADA Aviv Segal

Plaintiff does not allege any facts regarding ADA Segal's personal involvement in the events giving rise to Plaintiff's claims.  Assuming that ADA Segal is involved in the prosecution of Plaintiff's criminal case, he is immune from liability for his conduct as a prosecutor.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties, where the challenged activities are "'intimately associated with the judicial phase of the criminal process.'"  *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks

to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for administrative obligations that are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors had absolute immunity when deciding where to arraign criminal defendant because such a decision was made in preparation for a court proceeding where the prosecutors would act as advocates).

Plaintiff's claims against ADA Segal appear to be based on actions within the scope of his official duties. The Court dismisses these claims because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and are therefore frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F.3d 131, 134 & n.2 (2d Cir. 2011) (per curiam) (holding that a claim against a prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process" (citation omitted)).

**D.    Claims Against the Poughkeepsie Journal**

Plaintiff sues the Poughkeepsie Journal for defamation for allegedly publishing an article about the search of Plaintiff's apartment. A defamation claim can be premised on false statements of criminal behavior. *See, e.g.*, *Paul v. Davis*, 424 U.S. 693, 697 (1976). However, defamation is an issue of state law, not federal constitutional law, and therefore cannot form the basis for a Section 1983 action. *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004). Accordingly, the Court dismisses Plaintiff's federal claim against the Poughkeepsie Journal for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to any state court action Plaintiff may wish to pursue.

## LEAVE TO AMEND IS GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because Plaintiff may be able to allege additional facts to state a valid Fourth Amendment claim, the Court grants Plaintiff 30 days' leave to amend his complaint to detail such a claim.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief against defendants who are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The Court grants Plaintiff 30 days' leave to replead only to allege facts to support a Fourth Amendment claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    July 28, 2025
          New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge